T.P.W./M.D.
2/26/19

MFD: USAO 2019R00063



FILED
U.S. DISTRICT COURT
DISTRICT OF MARYLAND

2019 FEB 26  PM 1: 02

CLERK'S OFFICE
AT BALTIMORE

BY_____DEPUTY

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | |
| v. | * | CRIMINAL NO. GJH 19 CR 93 |
| | * | |
| CRAIG CAMPBELL COLBERT, | * | (Theft of Government Property, |
| | * | 18 U.S.C. § 641; Aiding and |
| Defendant | * | Abetting, 18 U.S.C. § 2; Forfeiture, |
| | * | 18 U.S.C. § 981(a)(1)(C), 21 U.S.C. |
| | * | § 853, 28 U.S.C. § 2461(c)) |
| | * | |

*******

## INDICTMENT

## COUNT ONE

The Grand Jury for the District of Maryland charges that:

### Introduction

At all times relevant to the charges in this Indictment:

1. **CRAIG CAMPBELL COLBERT** ("**COLBERT**") was a resident of Silver Spring, Maryland.

2. The Social Security Administration ("SSA") was an agency of the United States government that administered the Retirement Insurance Benefits Program, which paid monthly cash benefits to individuals who worked and paid taxes to SSA ("Title II Retirement Benefits"). To be eligible for Title II Retirement Benefits, individuals must have reached the age of 62 and paid a portion of their prior wages into the program. Benefits eligibility and payment amount

were determined based on the age of the beneficiary at retirement and the average salary and number of years of employment.

3. Individual 1 was born in 1922 and began collecting Title II Retirement Benefits in 1984. Individual 1 died on or about January 16, 2008.

4. At the time of Individual 1's death in 2008, Individual 1's Title II Retirement Benefits were paid by direct deposit into a PNC Bank account to which **COLBERT** had access.

5. After Individual 1's death, neither **COLBERT** nor any other individual was entitled to receive Title II Retirement Benefits on Individual 1's behalf. Because SSA was not aware of Individual 1's death, between February 2008 and February 2018, SSA continued to make Title II Retirement Benefits to Individual 1 by direct deposit to the PNC Bank account. At the time benefits were suspended in 2018, SSA was paying $2,007 per month in benefits. SSA paid a total of $216,290 in unauthorized benefits after Individual 1's death in 2008.

6. After Individual 1's death in January 2008, **COLBERT** regularly withdrew the the Title II Retirement Benefits from the PNC Bank account and spent the funds on his own behalf.

## The Charge

7. Between in or about February 2008 and in or about February 2018, in the District of Maryland, the defendant,

**CRAIG CAMPBELL COLBERT,**

did embezzle, steal, purloin, and knowingly convert to his use and the use of another, any money and thing of value of the United States and any department and agency thereof, with an aggregate value that exceeded $1,000, that is, Social Security Retirement Insurance Benefits Program payments to which he was not entitled.

18 U.S.C. § 641
18 U.S.C. § 2

## FORFEITURE ALLEGATION

The Grand Jury for the District of Maryland further finds that:

1. Pursuant to Federal Rule of Criminal Procedure 32.2, notice is hereby given to the defendant that the United States will seek forfeiture as part of any sentence in accordance with 18 U.S.C. § 981(a)(1)(C), 21 U.S.C. § 853(p), and 28 U.S.C. § 2461(c), as a result of the defendant's conviction under Count One of this Indictment.

2. As a result of the offense set forth in Count One of the Indictment, the defendant,

**CRAIG CAMPBELL COLBERT,**

shall forfeit to the United States any property, real or personal, which constitutes or is derived from proceeds traceable to such violation.

3. If, as a result of any act or omission of the defendant, any of the property described above as being subject to forfeiture:

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third person;

    c. has been placed beyond the jurisdiction of the Court;

    d. has been substantially diminished in value; or

    e. has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to 21 U.S.C. § 853(p), to seek forfeiture of any other property of said defendant up to the value of the forfeitable property, that is, at least $216,290.

18 U.S.C. § 981(a)(1)(C)
21 U.S.C. § 853(p)
28 U.S.C. § 2461(c)

_____
Robert K. Hur
United States Attorney

A TRUE BILL:

SIGNATURE REDACTED        2·26·19
_____   _____
Foreperson                  Date